**Cataldo GIORDANO, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

Civ. A. No. 83–0617.

United States District Court, M.D. Pennsylvania.

Nov. 29, 1984.

Peter B. Macky, Susquehanna Legal Services, Sunbury, Pa., for plaintiff.

Harry Nagle, Asst. U.S. Atty., Lewisburg, Pa., for defendant.

MEMORANDUM

RAMBO, District Judge.

On July 9, 1984, pursuant to the report and recommendation of Magistrate Smyser dated June 7, 1984, this court directed that the Clerk of the Court enter judgment for the plaintiff in the captioned matter. On July 20, 1984, the plaintiff's counsel filed an application for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). The matter is now ripe for decision.

■ The issue involved is whether the position of the defendant was substantially justified. Under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A) a court *shall* award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. (Emphasis added)

The Government has the burden of making a "strong showing" that its position was substantially justified. *NRDC v. EPA*, 703 F.2d 700, 712 (3d Cir.1983). In *Dougherty*

*v. Lehman,* 711 F.2d 555, 563 (3d Cir.1983), the court set out a three-part test which the Government "must" satisfy in order to sustain its burden of proving substantial justification, i.e., that its position had a reasonable basis in *both* law *and* fact. It must show:

> First, ... that there is a reasonable basis in truth for the facts alleged ... Second ... that there exists a reasonable basis in law for the theory which it propounds ... Finally, that the facts alleged will reasonably support the legal theory advanced.

*Dougherty* at 711 F.2d 564

■ This instant social security case involves a termination of the plaintiff's benefits and requires an analysis under *Kuzmin v. Schweiker,* 714 F.2d 1233 (3d Cir. 1983). Under the *Kuzmin* decision, upon the presentation by a social security disability benefits recipient of evidence that the condition which caused the Secretary to initially award benefits has not improved or has become worse, a presumption arises that the claimant continues to be disabled. Therefore, in such a case, it follows that the Secretary's analysis of the claim must address the question of improvement in the claimant's condition between the time of the initial grant and the time of the subsequent review of the claimant's case. The Secretary must, in other words, conduct a comparative analysis and, if it is determined that the claimant is no longer disabled, the Secretary's decision must necessarily point to some factor(s) demonstrating improvement in the claimant's condition. Furthermore, it is self-apparent that the improvement must be shown by the Secretary to be of such a nature or degree that the claimant, although previously found to be unable to, now can perform substantial gainful activity.

In this case, the administrative law judge who heard the testimony of the plaintiff, the plaintiff's wife, a mental health clinical counsellor and a clinical psychologist vocational expert, concluded by Decision of November 2, 1982 that the plaintiff, who was found in 1977 to be disabled because of a severe anxiety phobia, continued to be disabled (Tr. 14–16). In a Decision on April 25, 1983, the Secretary's Appeals Council reversed the decision of the administrative law judge (Tr. 5–11). The Decision of the Appeals Council does not contain an analysis of the plaintiff's case which adheres to the standards set forth in *Kuzmin.* The Magistrate noted that the Appeals Council's Decision preceded the *Kuzmin* decision. He recognized that a remand of the case to the Secretary for reconsideration in view of *Kuzmin* would be appropriate if the record contained any substantial evidence that the plaintiff can work and if the Decision of the Appeals Council were not otherwise in error. However, the Magistrate found that the Decision of the Appeals Council contained other significant error and the record did not contain evidence which, viewed under applicable legal standards, might support a conclusion that the plaintiff can work.

First, the Appeals Council rejected the credibility of the plaintiff without making any express findings. The Secretary's findings were noticeably deficient when measured against the evidence of continuing disability presented by the Secretary's own medical advisor, the Secretary's own vocational expert, the Secretary's own consulting psychiatrist and the Secretary's own consultative psychologist. The Secretary failed to accord controlling weight to the uncontradicted opinion of plaintiff's treating psychologist in contravention of the case law of this circuit. *Cotter v. Harris,* 642 F.2d 700 (3d Cir.1981).

The position of the federal defendant was inconsistent with established precedent and fell short of being substantially justified. Plaintiff is justified in receiving a fee award.

This court has reviewed the hours and work performed by counsel and is satisfied that the hours are reasonable and justified. The court further finds that the hourly rate for this counsel of $75.00 per hour is reasonable. An appropriate order will be entered.